IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JUAN MCCLENDON**                                                                                           **PLAINTIFF**

v.                                    Case No. 4:21-cv-00823-KGB

**STEVEN BERNARD, individually and in his
official capacity as Chief Hearing Officer of Arkansas
Appeals Tribunal, CHARISSE CHILDERS, Ph.D.,
individually and in her official capacity as Director
of Arkansas Division of Workforce Services, and
ARKANSAS DIVISION OF WORKFORCE SERVICES**                        **DEFENDANTS**

**ORDER**

Before the Court are plaintiff Juan McClendon's *pro se* motion for leave to proceed *in forma pauperis* (Dkt. No. 1), his complaint (Dkt. No. 2), and motion for a temporary restraining order and/or preliminary injunction (Dkt. No. 6).

**I.        Request To Proceed *In Forma Pauperis***

Under 28 U.S.C. § 1915, the decision to grant or deny *in forma pauperis* status is within the sound discretion of the district court. *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983) (citations omitted). Although a claimant need not be "completely destitute" to take advantage of the *in forma pauperis* statute, he or she must show that paying the filing fee would result in an undue financial hardship. *In re Williamson*, 786 F.2d 1336, 1338 (8th Cir. 1986).

Mr. McClendon submitted an incomplete application. In his application, Mr. McClendon states that he is unemployed and has a balance of $0.00 in his checking or savings account (Dkt. No. 1, at 1-2). Mr. McClendon lists one dependent, his child, and states that he has recurring monthly child support expenses in the amount of $350.00 (*Id.*, at 2). Mr. McClendon did not fill out the "Other Income" section of his application. The "Other Income" section, which is the third question on the application, requires an applicant to identify whether he or she has received income

from any of the following sources: business, profession, or other self-employment; rent payments, interest, or dividends; pension, annuity, or life insurance payments; disability or worker's compensation payments; and gifts, or inheritances. Mr. McClendon also failed to sign the declaration at the end of the application. Accordingly, because his application is incomplete, the Court denies without prejudice Mr. McClendon's motion to proceed *in forma pauperis* (Dkt. No. 1).

## II. Screening The Complaint

The Court is required to screen Mr. McClendon's complaint and dismiss the case, in whole or in part, if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Angel v. Bowers*, Case No. 3:18-cv-00121-KGB, 2019 WL 440571, at *1 (E.D. Ark. Feb. 4, 2019) (recognizing that district courts have the power to screen and dismiss complaints filed by all litigants, prisoners and non-prisoners alike); *Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016) (same). A court may dismiss such a complaint without leave to amend. *See Christiansen v. Clarke*, 147 F.3d 655, 658 (8th Cir. 1998); *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001) (per curiam). The Court acknowledges that all defendants have answered and assert in their answers, among other defenses, that this Court lacks jurisdiction and that Mr. McClendon fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. Nos. 5, ¶¶ 1-7; 8, ¶¶ 1-8).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the "[f]actual allegations must be enough to raise a right to relief

above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated differently, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 678 (2009). While the court must accept as true all well-pleaded facts in the complaint, *see Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013), it need not credit conclusory allegations or "naked assertion[s] devoid of further factual enhancement," *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

Finally, in evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, the court holds "a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (alteration in original) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, all parties, including *pro se* litigants, must comply with substantive and procedural law. *See Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986).

Mr. McClendon's complaint names as defendants Steven Bernard, individually and in his official capacity, Charisse Childers, individually and in her official capacity, and Arkansas Division of Workforce Services ("ADWS") (Dkt No. 2). Mr. McClendon alleges that he is entitled to Pandemic Unemployment Assistance ("PUA") under the Coronavirus Aid Relief and Economic Security ("CARES") Act, Pub. L. No. 116-136, § 2102, 134 Stat. 281, 313-17 (Mar. 27, 2020) (Dkt. No. 2). In his complaint, Mr. McClendon states that he has "experienced extreme delays at every step of the unemployment process, including waiting several months for a ADWS claims examiner and for a Arkansas Tribunal hearing Officer to consider his application for benefits and determine his eligibility, to receive benefits payments for which he has been deemed eligible, and to have his appeals adjudicated by an administrative officer" (*Id.*, at 3). For relief, Mr. McClendon asks the

Court to order defendants to disburse his PUA benefits, hold a hearing, or show cause why such relief is not warranted (*Id.*, at 11).

The Court has carefully reviewed Mr. McClendon's complaint and concludes that Mr. McClendon has failed to state a claim on which relief may be granted. As an initial matter, the CARES Act does not create a private right of action. *See Paskiewicz v. Brower*, Case No. 2:20-cv-02238-TLN-AC-PS, 2020 WL 7074605, at *2 (E.D. Cal. Dec. 3, 2020) ("[T]here is no private right of action under the CARES Act."); *Am. Video Duplicating, Inc. v. City Nat'l Bank*, Case No. 2:20-cv-04036-JFW-JPR, 2020 WL 6882735, at *5 (C.D. Cal. Nov. 20, 2020) ("Unsurprisingly, every court to address whether the CARES Act created an implied private right of action has held that it does not."). The Court also finds no factual allegations in Mr. McClendon's complaint to support "more than the sheer possibility" that Mr. Bernard and Ms. Childers have acted unlawfully in their individual capacities. *See Iqbal*, 556 U.S. at 678). To the extent Mr. McClendon seeks official-capacity damages claims against Mr. Bernard and Ms. Childers, both defendants are entitled to absolute immunity in their official capacity pursuant to the Eleventh Amendment. *Lewis v. Clarke*, 137 S. Ct. 1285, 1291 (2017) (citing *Edelman v. Jordan*, 415 U.S. 651, 663–65 (1974)). To the extent that Mr. McClendon has sued the State of Arkansas, those claims are also barred by the doctrine of sovereign immunity.

Finally, the Court concludes that Mr. McClendon has failed to allege sufficiently a procedural due process violation within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Mr. McClendon's complaint contains only conclusory allegations that he is qualified to receive PUA benefits. "Abstract injuries, by themselves, do not implicate the due process clause." *Kloch v. Kohl*, 545 F.3d 603, 607 (8th Cir. 2008). Rather, "[a] protected property interest exists where a plaintiff has

a 'legitimate claim of entitlement' to a benefit that is derived from a source such as state law.'" *Hopkins v. Saunders*, 199 F.3d 968, 975 (8th Cir. 1999) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)).  Based on the record before the Court that Mr. McClendon has submitted, the Court finds that the ADWS determined at least at some point in time that Mr. McClendon "did not provide, as a reason for [his] unemployment or partial unemployment, a qualifying COVID-19 reason as defined by § 2102(a)(3)(A)(ii)(1) of the CARES Act" (Dkt. No. 2, at 16, 18).  The Court also finds, based on the records Mr. McClendon has submitted, that the Appeals Tribunal issued a letter on May 14, 2021, acknowledging receipt of Mr. McClendon's appeal of the ADWS determination and stating that a hearing would be scheduled "expeditiously" (*Id.*, at 17, 19).  For these reasons, the Court is unable to conclude that Mr. McClendon has been deprived of "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathew v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong*, 380 U.S. at 552).  Accordingly, the Court dismisses without prejudice Mr. McClendon's complaint for failure to state a claim upon which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(b).

### III. Motion For Temporary Restraining Order

Mr. McClendon has also filed *pro se* a motion for a temporary restraining order and/or preliminary injunction (Dkt. No. 6).   In his motion, Mr. McClendon repeats many of the same allegations in his complaint and requests that the Court require defendants "to immediately restore [his] access to PUA" (*Id.*, at 3).  Because the Court dismisses Mr. McClendon's complaint, and for the same reasons discussed above, the Court denies the motion as moot (Dkt. No. 6).

### IV. Conclusion

It is therefore ordered that:

1. Mr. McClendon's motion for leave to proceed *in forma pauperis* is denied without prejudice (Dkt. No. 1).

2. Mr. McClendon's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted (Dkt. No. 2).

3. Mr. McClendon's motion for temporary restraining order and/or preliminary injunction is denied as moot (Dkt. No. 6).

4. The Court certifies, pursuant to 25 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

5. The Court directs the Clerk to place Mr. McClendon's complaint under seal because it contains personally identifying information.

It is so ordered, this 29th day of November, 2021.

_____
Kristine G. Baker
United States District Judge